IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-02899-CMA

AMERICAN ACADEMY OF
HUSBAND-COACHED CHILDBIRTH, a California general partnership,

    Plaintiff,

v.

KYLE THOMAS, an Individual;
NAOMI THOMAS, an Individual;
ELLEN CONTARD, an Individual; and
BRIO BIRTH, LLC, a Colorado limited liability company,

    Defendants.

## ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court pursuant to the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. # 2). The Court heard argument on the motion on December 3, 2010 at 3:00 p.m. In attendance at the hearing were counsel for Plaintiff, Jordan Factor and James Helfrich of Allen & Vellone, P.C., as well as Defendant Kyle Thomas. Counsel for Defendants, Wayne D. Carroll of The Carroll Law Firm, PLC, attended telephonically.

The Court finds that Plaintiff has met its burden to establish the need for immediate injunctive relief and will grant the motion for a temporary restraining order. Plaintiff has sufficiently demonstrated that it will suffer irreparable harm if the temporary restraining

order is not issued and such harm outweighs any detrimental effect such an order will have on Defendants. Finally, there is no critical public interest that will be injured by granting the temporary restraining order.

The requested injunction will not alter the status quo. The last peaceable uncontested status that existed between the parties was prior to the Defendants taking their actions with respect to Bradley Reborn.

Plaintiff will suffer irreparable harm if the injunction is not issued because there is difficulty in calculating damages, there has been and will be harm to good will, and Plaintiff has been and will incur a loss of the certified teachers in existing contractual relationship with Plaintiff.

In balancing the harms, although Defendants will be harmed by issuance of the injunction, they brought this situation on themselves by setting up Bradley Reborn websites and doing business under that name after unsuccessfully soliciting licenses for Plaintiff's marks. Accordingly, the Court finds that the balance of harms weighs in Plaintiff's favor.

*Court has determined no bond is required at this time. CMA*

It is therefore, ORDERED that:

Defendants, their officers, agents, employees, successors, attorneys and all those in active concert or participation with them, are RESTRAINED and ENJOINED, or otherwise ordered to comply as enumerated below, under Fed.R.Civ.P. 65, until such time as Plaintiff's prayer for relief for a preliminary injunction can be heard and determined, as follows:

a. Using in any manner BRADLEY or THE BRADLEY METHOD, or any other designation that is confusingly similar to BRADLEY or THE BRADLEY METHOD or any of the BRADLEY or THE BRADLEY METHOD marks, including but not limited to, the BRADLEY REBORN and BRADLEY BIRTH as to be likely to cause confusion, deception or mistake on or in connection with advertising, marketing, or use of any service or goods not Plaintiff's or not authorized by Plaintiff to be used in connection with BRADLEY or THE BRADLEY METHOD or is likely to dilute the BRADLEY or THE BRADLEY METHOD trademarks;

b. Passing off, inducing or enabling others to sell or pass off, any product or service offered by Plaintiff, not Plaintiff's or not produced under the control and supervision of Plaintiff and approved by Plaintiff;

c. Committing any acts calculated to cause consumers to believe that the BRADLEY REBORN and BRADLEY BIRTH are sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d. Further diluting and infringing the BRADLEY or THE BRADLEY METHOD trademarks and damaging Plaintiff's goodwill;

e. Further interfering with Plaintiff's contracts or prospective business advantage;

f. Otherwise competing unfairly with Plaintiff in any manner; and

g. Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

h. From operating or assisting in the use of, or facilitating in any manner the use of the domain names www.bradelyreborn.com and www.bradleyreborn.net, for any purpose, including in any connection with the sending or receiving of email, redirection services or the hosting of a website.

It is further ORDERED that the above Temporary Restraining Order is effective beginning at 5:00 PM on December 3, 2010.

It is further ORDERED that a hearing on the Motion for Preliminary Injunction is set for **December 10, 2010 at 8:30 AM**, to be held in Courtroom A602 of the United States District Court, District of Colorado, 901 19th Street, Courtroom A602, Denver, CO 80294.

It is further ORDERED that the parties are granted permission to conduct discovery, including the taking of depositions and the issuance of subpoenas.

DATED: December 3, 2010

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge