IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02899-CMA-MEH

AMERICAN ACADEMY OF HUSBAND-COACHED CHILDBIRTH, a California general
partnership,

     Plaintiff,

v.

KYLE THOMAS, an individual,
NAOMI THOMAS, an individual,
ELLEN CONTARD, an individual, and
BRIO BIRTH, LLC, a Colorado limited liability company,

     Defendants.

---

## ORDER GRANTING MOTION FOR LEAVE

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Before the Court is Defendants' Motion for Leave to File Second Amended Answer [filed February 15, 2011; docket #64]. The motion is referred to this Court for disposition. (Docket #65.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** Defendants' motion.

## I.    Background

     The deadline for amendment of pleadings and joinder of parties was set for February 15, 2011. (Docket #59 at 8.) Defendants timely filed this motion on the deadline. In their First Amended Answer and Counterclaims, Defendants asserted seven counterclaims as follows: 1) cancellation of a trademark due to abandonment; 2) libel per se; 3) fraud in the inducement; 4) false representation; 5) for declaratory judgment regarding ownership of "Bradley" intellectual property; 6) unfair competition; and 7) intentional interference with prospective business advantage. (*See*

docket #36.)   Plaintiff responded to these seven counterclaims with a motion to dismiss the counterclaims in entirety, filed on January 6, 2011.  (Docket #45.)  Defendants then filed their "First Amended Counterclaims," without leave of court, on January 11, 2011.   (Docket #48.)   The following day, January 12, 2011, Plaintiff moved to strike the First Amended Counterclaims as filed without appropriate permission.  (Docket #49.)  The motion to strike remains pending before the District Court.

In the motion at hand, Defendants explain that they seek to add only affirmative defenses to the First Amended Answer.  (Docket #64 at 2-3.)  The proposed Second Amended Answer does not include or address Defendants' counterclaims.  Plaintiff opposes this request on the basis of delay, contending it will suffer prejudice as the deadline for submitting written discovery has passed. (Docket #69 at 2.)  Plaintiff also challenges Defendants' statement that most of the affirmative defenses were referred to in the denials listed in the First Amended Answer, explaining that "several important affirmative defenses have no basis in Defendants' First Amended Answer."  (*Id*. at 4.) Further, Plaintiff speculates that "Defendants are posturing for a delay of the trial to move for greater increases in the Preliminary [sic] injunction bond, thereby engaging in bad faith or dilatory motives."  (*Id*. at 5.)

Defendants replied, asserting that the motion was timely filed and certain discovery remains scheduled for the first week of April, thus Plaintiff's contention of undue delay is unfounded. (Docket #73 at 2.) Regarding the proposed enumeration of affirmative defenses, Defendants explain that the proposed Second Amended Answer "principally restates affirmative defenses set forth in prior pleadings."  (*Id*. at 4.)  Defendants identify paragraphs within the First Amended Answer addressing the certain affirmative defenses disputed by Plaintiff.  (*Id*. at 3-4.)  Defendants counter

2

Plaintiff's suggestion that the motion is premised on bad faith or dilatory motive, stating that Defendants had not sought a delay of trial; the previous continuation of the trial date was ordered upon motion by Plaintiff.  (*Id*. at 4.)

## II.    Discussion

Pursuant to Rule 15(a)(2), a party may amend its pleading only by leave of the court or by written consent of the adverse party.[1]  The grant or denial of leave is committed to the discretion of the district court.  *See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).  The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2) (2010).  *See also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan*, 397 F.3d at 1315.  Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Duncan*, 397 F.3d at 1315.  *See also Foman,* 371 U.S. at 182.

The Court recognizes that this matter is on a tight schedule to prepare for trial set this coming August.  The present fact discovery deadline is April 8, 2011, and the deadline for filing dispositive motions is May 2, 2011.  (Docket #59 at 8.)  Defendants do not provide justification for the failure to include separately identified affirmative defenses in the original answer and first amended answer; however, Defendants did file their motion to amend within the time frame established by the Court.  Upon review of the proposed affirmative defenses and the content of the First Amended Answer and Counterclaims, there does not appear to the Court to be so much deviation as to cause undue prejudice for Plaintiff.  As discovery is ongoing, the Court believes that minimal additional written

---

[1]Rule 7(a) provides that an answer is a pleading.

3

discovery is likely needed to investigate the stated affirmative defenses.  The Court *sua sponte*

extends the fact discovery deadline to **April 28, 2011**, for the purpose of accommodating the service

of written discovery related to the affirmative defenses, albeit on a slightly condensed schedule.[2]

Plaintiff may serve this written discovery on or before **March 30, 2011**.  Defendants must respond

on or before **April 28, 2011**.

## III.    Conclusion

Accordingly, the Court **GRANTS** Defendants' Motion for Leave to File Second Amended

Answer [filed February 15, 2011; docket #64].  The Clerk of Court is instructed to enter the Second

Amended Answer located at docket #64-1.

Plaintiff's Unopposed Motion to Modify Scheduling Order [filed March 24, 2011; docket

#78] is **granted** to the extent that the fact discovery deadline is herein extended up to and including

**April 28, 2011**.  This extension is granted also for the purpose of conducting depositions.

The Court notes that the issue of Defendants' governing counterclaims remains unresolved.

Dated and entered at Denver, Colorado, this 25th day of March, 2011.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

---

[2]The Court recognizes that this time frame gives the parties less time than that stated in the federal rules; however, it is necessary given the present schedule.