IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02899-CMA-MEH

AMERICAN ACADEMY OF HUSBAND-COACHED CHILDBIRTH, a California general partnership,

    Plaintiff,

v.

KYLE THOMAS, an individual,
NAOMI THOMAS, an individual,
ELLEN CONTARD, an individual, and
BRIO BIRTH, LLC, a Colorado limited liability company,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion for Entry of Protective Order [filed February 22, 2011; docket #66]. The motion is referred to this Court for disposition. (Docket #67.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **DENIES** Defendants' motion.

The parties generally agree on the format of a protective order, including the designation of certain documents as "Confidential - Counsel's Eyes Only," with one exception. The parties disagree as to whether documents that identify the instructors affiliated with the respective parties may be designated "Counsel's Eyes Only." (Docket #71 at 1.) This information is, in essence, the parties' respective customer lists. (*See* docket #83 at 2.) Defendants attest that many of their customer-instructors are not listed on their website nor can they be located by performing a zip code

search, and in fact, Defendant "Brio Birth keeps the identify of many of its instructors confidential." (*Id.*)  Defendants believe that their customer list is sensitive and confidential information that requires the designation of "Counsel's Eyes Only." (*Id.* at 2-3.)  Defendants represent that "[d]isclosure of Brio Birth's customer list to Plaintiff grants Plaintiff a competitive advantage in that Plaintiff would have a complete list of instructors who Plaintiff can target as potential future customers." (*Id.* at 3.)

In its response, Plaintiff argues that its need to review the customer list outweighs Defendants' need for confidentiality. (Docket #71 at 4.)  Plaintiff explains that it brings a claim for intentional interference with existing contracts and prospective business advantage. (*Id.* at 2; *see also* docket #1 at 19 (Compl.).)  In this claim, Plaintiff alleges that Defendants knowingly and willfully diverted clients from the Plaintiff, thus inducing Plaintiff's (previous) clients to breach or terminate their contracts (or other business relationship) with Plaintiff. (Docket #1 at 19.)  Plaintiff contends that its main source of revenue is its relationship with these instructors, thus the measure of damages "will depend on the number of teachers lost as a result of Defendants' actions." (Docket #71 at 2.)

Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.  The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.  *Id.*  In determining the proper level of protection, the Court must balance the requesting party's need for discovery against the resisting party's claimed harm that will result from disclosure.  *See Centurion Indus., Inc. v. Warren Steurer*

*& Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).

In the order granting Plaintiff's request for a permanent injunction against Defendants, Judge Arguello held that "the intentional and improper actions of Defendants constitute interference with the existing contracts which American Academy has with its nationwide certified instructors in The Bradley Method, as well as the prospective relation which American Academy has with each of its prospective instructors." (Docket #28 at 11.) The District Court determined that Plaintiff is likely to succeed on the merits of its intentional interference with contracts claim. (*Id.*)

In light of the District Court's order granting the preliminary injunction, the Court agrees with Plaintiff that the identity of Defendants' instructors is essential to Plaintiff's intentional interference claim and overall damages theory. In their reply, Defendants do not address Plaintiff's contention regarding damages, but suggest that Plaintiff's counsel can easily compare Plaintiff's list of customers with Defendants' list of customers to determine the information it seeks, without exposure of Defendants' list to Plaintiff's principals. The Court believes this suggestion oversimplifies the issue; a comparison of the two lists may not demonstrate which customer-instructors had moved (or otherwise modified) their business with Plaintiff to Defendants, as a result of Defendants' alleged misconduct. The principals of Plaintiff are in the best position to recognize which persons on Defendants' customer-instructor list were previously (including potentially) customer-instructors with Plaintiff. The Court finds that in this matter, particularly given the preliminary injunction, the balance of interests tips in favor of not requiring a Counsel's Eyes Only designation for documents identifying the instructors affiliated with the respective parties, which includes Defendants' customer list.

Accordingly, the Court **DENIES** Defendants' Motion for Entry of Protective Order [filed February 22, 2011; docket #66] as stated herein.

Dated and entered at Denver, Colorado, this 5th day of April, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge
