IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv–02899-CMA-MEH

AMERICAN ACADEMY OF
HUSBAND-COACHED CHILDBIRTH, a California general partnership,

    Plaintiff,

v.

KYLE THOMAS, an Individual;
NAOMI THOMAS, an Individual;
ELLEN CONTARD, an Individual; and
BRIO BIRTH, LLC, a Colorado limited liability company,

    Defendants.

## ORDER GRANTING PERMANENT INJUNCTION

This matter is before the Court pursuant to the Joint Stipulation To Entry of Permanent Injunction (Doc. # 97) filed by all parties to this litigation. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws).  The Parties having stipulated to entry of this Permanent Injunction and the Court being fully advised in the premises, it is, therefore,

ORDERED that Defendants, their officers, agents, employees, successors, attorneys and all those in active concert or participation with them, are PERMANENTLY RESTRAINED and ENJOINED, or otherwise ordered to comply as enumerated below, as follows:

    a.    From using in any manner as a trademark or otherwise as a designation of the source of products or services BRADLEY or THE BRADLEY METHOD, or any other designation that is confusingly similar to BRADLEY or THE BRADLEY METHOD or any of the BRADLEY or THE BRADLEY METHOD marks, as to be likely to cause confusion, deception or mistake on or in connection with advertising, marketing, or use of any service or goods not Plaintiff's or not authorized by Plaintiff to be used in connection with BRADLEY or THE BRADLEY METHOD or as likely to dilute the BRADLEY or THE BRADLEY METHOD trademarks;

    b.    From passing off, inducing or enabling others to sell or pass off, any product or service offered by Plaintiff, not Plaintiff's or not produced under the control and supervision of Plaintiff and approved by Plaintiff;

    c.    From committing any acts calculated to cause consumers to believe that BRADLEY REBORN or any other infringing marks used by Defendants are sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

    d.    From further diluting and infringing the BRADLEY or THE BRADLEY METHOD trademarks and damaging Plaintiff's goodwill;

    e.    From further tortiously interfering with Plaintiff's contracts or prospective business advantage;

    f.    From otherwise competing unfairly with Plaintiff in any manner;

    g.    From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above; and

    h.    From using the www.bradleyreborn.com and www.bradleyreborn.net domains for any purpose, including in any connection with the sending or receiving of email, redirection services or the hosting of a website.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter final judgment in this action incorporating the provisions of the foregoing permanent injunction.

IT IS FURTHER ORDERED that the Final Trial Preparation Conference, set for July 22, 2011, and the nine-day Jury Trial, set to commence August 2, 2011, are hereby VACATED.

DATED: July  18 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge